499 A.2d 1309

**Mary F. AYERS**

v.

**Marvin A. LILLER, et al.**

**No. 215, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 12, 1985.

Paul C. Sullivan, Cumberland, for appellant.

W. Stevens Hidey (Nicholas J. Monteleone and Hidey, Coyle, Skidmore & Getty, on brief), Cumberland, for appellees.

Argued Before ROSALYN B. BELL, KARWACKI and ROBERT M. BELL, JJ.

ROSALYN B. BELL, Judge.

Mary F. Ayers contests her removal from the office of personal representative of her father's estate. She has appealed the action of the Circuit Court for Allegany County claiming that appellees did not sustain their burden of proof for removal "in light of her reasonable reliance on the advice of counsel and the estate accountant."

William A.B. Liller died December 25, 1981. His will named Ayers, one of his six surviving children,[1] to serve as personal representative in probating the estate.

During the administration of the estate, controversy arose between Ayers and her three brothers. The brothers filed a petition for her removal which was denied by the Orphans' Court. That denial was appealed to the circuit court which ordered her removal. The court entered a memorandum opinion and found the following facts:

> "The evidence proved that the inventory filed by [appellant] failed to include a $10,000 loan made by the decedent to [appellant] and her husband; failed to include a $23,000 loan from decedent to another daughter, Wilma Mallow, and her husband; and failed to disclose transfers by decedent to [appellant] of a building lot and two automobiles within two years of his death. In addition, no account has yet been stated.[2]
>
> "The evidence further shows that [appellant] failed to file the federal estate tax return and pay the federal

---

1. William A.B. Liller was survived by three sons and three daughters. The evidence suggests that the sisters are allied with appellant against the brothers in this unfortunate family fight.

2. The estate had been open over three years.

estate tax on time, resulting in assessment of penalties and interest. The Personal Representative failed to disclose lifetime transfers made by decedent to [appellant], including $32,000 on October 25, 1979, a building lot, and two automobiles. On the federal return [appellant] reported the value of decedent's farm as $66,689, dispite [sic] an earlier appraisal, commissioned by [appellant], setting a value of $112,000. The higher value was reported to the Orphans [sic] Court. The result has been an audit of the federal estate tax return. According to [appellant's] accountant, the estate tax return audit could result in an increase in federal estate tax liability from the initial $309 to as much as $25,000. The accountant testified that the estate will be liable for interest on the tax deficiency from September 25, 1982 until the date of payment. He was uncertain whether the penalty would be applied retroactively to the final tax calculation.

"[Appellees] contend that [appellant's] mishandling of the federal estate and Orphans [sic] Court inventories constituted a breach of the standard of care required of a fiduciary, and, together with other lesser failures, amounts to grounds for removal.

"The other acts of alleged misfeasance about which [appellees] complain involve relatively minor matters in [appellant's] handling of real and personal property. After her father's death [appellant] made changes to the driveway to the family farm, so that she could gain access to her adjoining property, thereby benefiting [appellant] at the expense of the estate. Further regarding the farm [appellees] claim that [appellant] had the property surveyed and plotted for herself a one-half acre parcel roadfront building lot adjacent to property already owned by her. [Appellant] admitted that the [appellees] were not afforded a similar opportunity. The evidence supports all of those contentions. [Appellees] also contend that [appellant] expressed an intention to sell personal property at public sale so as to avoid any potential conflict among heirs, but that prior to the sale she al-

lowed her sisters to go through decedent's home and select for purchase certain items which constituted estate assets and that no such opportunity was afforded [appellees].

"At trial [appellant] essentially conceded all of the alleged improprieties, while denying the significance attached to them by [appellees]."

### –Removal–

Md.Estates and Trusts Code Ann., § 6–306(a) (1974, 1984 Cum.Supp.) provides:

"(a) *Cause for removal.*—A personal representative shall be removed from office upon a finding by the court that he:

(1) Misrepresented material facts in the proceedings leading to his appointment;

(2) Willfully disregarded an order of the court;

(3) Is unable or incapable, with or without his own fault, to discharge his duties and powers effectively;

(4) Has mismanaged property;

(5) Has failed to maintain on file with the register a currently effective designation of an appropriate local agent for service of process as described in § 5–105(b)(6) of this article; or

(6) Has failed, without reasonable excuse, to perform a material duty pertaining to the office."

Removal is mandatory where any of the above causes are found. *Richards v. Richards*, 27 Md.App. 1, 338 A.2d 377 (1975). In addition, a personal representative may be removed for conduct amounting to fraud, bad faith, collusion or breach of trust. *Smith v. Waller*, 225 Md. 94, 169 A.2d 454 (1961).

In the case at bar, the trial court found four of these statutory causes for removal and further found appellant breached her fiduciary duties. It determined that appellant, "by failing to file timely inventories and accounts in the Orphans [sic] Court and by failing to make full disclosure of

assets," disregarded court orders requiring such filings and disclosures. The court also recognized that appellant's "preference for herself and her sisters with regard to real and personal property" amounted to mismanagement of estate property. In addition, appellant's failure to perform material duties was cited because of the above two findings and her failure to value fairly the assets and debts owed decedent. Finally, the court noted that appellant "demonstrated an inability to discharge her duties effectively."

Maryland Rule 1086 provides with respect to our review of a bench trial that the "judgment of the trial court will not be set aside on the evidence unless clearly erroneous." While we might not have reached the same conclusions as the trial court, our independent review of the record convinces us that the court's findings are supported by the evidence and are not clearly erroneous.

Surprisingly, appellant does not directly disagree with the recognition that improprieties occurred. This would be the end of our inquiry were it not for appellant's assertion that she is exempt from removal because "[b]eing ignorant of the requirements of estate and tax law, it was reasonable for a person not trained in law to rely on the advice of [counsel]." The court found this reliance to be a breach of her fiduciary duties. We hold there was no error in this finding. We will explain.

### –Counsel–

■ A personal representative is a fiduciary owing accountability to the estate. Md.Estates and Trusts Code Ann., § 7–101(a) *supra*. We have held that a personal representative may, within limits, delegate authority to others in the efficient administration of an estate. *Bastian v. Laffin*, 54 Md.App. 703, 460 A.2d 623 (1983). As a fiduciary, however, a personal representative must use reasonable diligence in hiring the agent and in supervising the agent's conduct. *Id.* at 710, 460 A.2d 623.

■ In this case, appellant's diligence in selecting the estate attorney and accountant was not questioned. The

attorney retained by appellant was the same individual who had prepared the Liller will. Further, this attorney selected the estate accountant. We cannot, however, conclude that the court's determination that appellant breached her duty of supervision was clearly erroneous.

The court found that if appellant's mismanagement was based on the advice of counsel, she relied on that advice to the detriment of the estate. The court further found the advice was not warranted.

"A fiduciary is entitled to rely upon professional advice in the discharge of his duties, but may not rely with impunity upon patently inappropriate advice. To obtain an appraisal of real estate and then report for that property of less than 60% of the appraisal should raise a question in the mind of an unskilled person. To be told to disregard disclosing loans and gifts amounting to more than $65,000 should raise the conscience of anyone possessed of reasonable intelligence and common sense, skilled or unskilled in estate matters. The Personal Representative has shown, at least, carelessness in dealing with major estate assets and transactions. In dealing with other matters she has demonstrated a conscious effort to afford preferential treatment to her sisters at the expens [sic] of her brothers. Acting on the advice of Counsel, or counsel, is no defense." (footnote omitted).

To appellant's credit she has retained new counsel and efforts have been made to administer properly the estate. As a result, many errors have been rectified. Nevertheless, the court noted that some lasting damage to the estate has occurred.[3] Accordingly, it ordered that appellant should have been removed by the Orphans' Court as personal representative. The court concluded:

"If this Court possessed the power to name a Personal Representative it would designate counsel for each of the factions of the Liller family as Co-Personal Representa-

---

**3.** Whether an action may lie against the personal representative or her advisors is not now before this Court.

tives in an effort to move the administration to a conclusion over the bitterness and intransigence of the heirs; or, as an alternative, a stranger to the Estate. Further exhaustion of Estate, and personal, funds in the continued litigation of this dispute is contrary to the best interests of all of the heirs."

We agree.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.